1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11 UNITED STATES OF                )   Case No.  CR 06-186(B)-CAS
   AMERICA,                        )
12                                 )
                  Plaintiff(s),    )   JURY INSTRUCTIONS
13                                 )
          vs.                      )
14                                 )
   JEFFREY BRETT GOODIN,           )
15                                 )
                  Defendant(s).    )
16                                 )
                                   )
17 _____ )

18 Date: January 11, 2007

19
20                                    _____
                                      CHRISTINA A. SNYDER
21                                    UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. 1

Members of the jury:

Now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

COURT'S INSTRUCTION NO. <u>2</u>

The indictment is not evidence.  The defendant has pled not guilty to the charges.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 3

    A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

COURT'S INSTRUCTION NO. <u>4</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. <u>5</u>

The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits which have been received into evidence; and

3.    Any facts to which all the lawyers have stipulated.

COURT'S INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

COURT'S PROPOSED INSTRUCTION 9


You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. 10

       Your decision on the facts of this case should not be
determined by the number of witnesses testifying for or against a
party.  You should consider all the facts and circumstances in
evidence to determine which of the witnesses you choose to
believe or not believe.  You may find that the testimony of a
smaller number of witnesses on one side is more credible than the
testimony of a greater number of witnesses on the other side.

COURT'S INSTRUCTION NO. 11

     You have heard testimony that the defendant made certain statements.  It is for you to decide (1) whether he made the statements, and (2) if so, how much weight to give to the statements.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which defendant may have made them.

COURT'S INSTRUCTION NO. 12


A separate crime is charged against Mr. Goodin in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

COURT'S INSTRUCTION NO. 13

Counts One through Three of the Second Superseding Indictment charge the defendant with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up or executed a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fifth, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate commerce to carry out or attempt to carry out an essential part of the scheme.

A transmission by wire in interstate commerce is caused when one knows that an interstate wire will be transmitted in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the transmission by wire was itself false or deceptive so long as the transmission by wire was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

COURT'S INSTRUCTION NO.14


The defendant is charged in Count Four of the Second Superseding Indictment with sending multiple electronic mail ("e-mail") messages with falsified header information in violation of Section 1037(a)(3) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly and materially falsified the header information of e-mail messages;

Second, the e-mail messages were commercial in nature;

Third, the defendant intentionally caused the transmission of such e-mail messages;

Fourth, the defendant caused the transmission of more than 100 such e-mail messages during a 24-hour period; and

Fifth, the e-mail messages were transmitted in or affected interstate or foreign commerce.

COURT'S INSTRUCTION NO.15

An e-mail message is "commercial" if the primary purpose of the message was the commercial advertisement or promotion of a product or service or is related to a product or service (including content on an Internet website operated for a commercial purpose).  Further, an e-mail is commercial if a recipient reasonably interpreting the subject line or body of the e-mail would likely conclude that the message is a commercial advertisement or promotion of a commercial product or service or is related to a product or service .

"Header information" includes the source, destination, and routing information attached to an e-mail message, including the originating domain name and originating e-mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message.

Header information is materially false if it is altered or concealed in a manner that would impair the ability of a recipient of the message, an Internet access service processing the message on behalf of a recipient, or a law enforcement agency to identify, locate, or respond to, or investigate, the person who initiated the e-mail message.

Every e-mail message sent to a unique e-mail address constitutes a separate message.

COURT'S INSTRUCTION NO. 16


If you return a verdict of guilty against the defendant as to Count Four of the Second Superseding Indictment, then you will be asked to complete a special verdict form specifying whether the government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count Four was committed in furtherance of wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Counts One through Three of the Second Superseding Indictment.

COURT'S INSTRUCTION NO. <u>17</u>

The defendant is charged in Count Five of the Second Superseding Indictment with aiding and abetting the use of an unauthorized access device, namely a Visa credit card account ending in 9485, in violation of Section 1029(a)(2) of Title 18 of the United States Code.  The defendant may be found guilty of use of an unauthorized access device even if the defendant did not personally commit the act or acts constituting the crime but aided and abetted in its commission.  To prove the defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, use of an unauthorized access device was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person using the unauthorized access device; and

Third, the defendant acted before the crime was committed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person use the unauthorized access device.

The government is not required to prove precisely who actually committed the crime.

COURT'S INSTRUCTION NO. 18


In order for a person to be found guilty of use of an unauthorized access device, the government must prove each of the following elements beyond a reasonable doubt:

First, a person knowingly used an unauthorized access device, namely, a Visa credit card in the name of victim L.B., account number ending in 9485, at any time during a one-year period beginning June 6, 2005, and ending June 5, 2006;

Second, the person using the unauthorized access device during that period obtained things of value together totaling $1,000 or more during that period;

Third, that person using the unauthorized access device acted with intent to defraud; and

Fourth, the use of the Visa credit card in some way affected commerce between one state and another state, or between a state or the United States and a foreign country.

COURT'S INSTRUCTION NO.19

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO. <u>20</u>

An "access device" means any card, plate, code, account
number, electronic serial number, mobile identification number,
personal identification number, or other telecommunications
service, equipment, or instrument identifier, or other means of
account access that can be used, alone or in conjunction with
another access device, to obtain money, goods, services, or any
other thing of value, or that can be used to initiate a transfer
of funds (other than a transfer originated solely by paper
instrument).

Credit cards, credit card account numbers, debit cards,
debit card account numbers, checks, and bank account numbers are
access devices.

COURT'S INSTRUCTION NO. 21

An "unauthorized" access device is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

COURT'S INSTRUCTION NO. <u>22</u>

The defendant is charged in Count Six of the Second Superseding Indictment with unlawful possession of unauthorized access devices in violation of Section 1029(a)(3) of Title 18 of the United States Code.   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed at least fifteen unauthorized access devices at the same time;

Second, the defendant knew that the devices were unauthorized;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and another state, or between a state or the United States and a foreign country.

COURT'S INSTRUCTION NO. <u>23</u>

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

COURT'S INSTRUCTION NO. <u>24</u>

The defendant is charged in Count Seven of the Second Superseding Indictment with aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used a means of identification of another person;

Second, the defendant knew that the means of identification in question belonged to another actual person at the time he committed the offense;

Third, the defendant acted without lawful authority; and

Fourth, the defendant did so during and in relation to wire fraud in violation of 18 U.S.C. § 1343 as described in Counts One through Three of the Second Superseding Indictment.

COURT'S INSTRUCTION NO. <u>25</u>

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a person's name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number.

1          COURT'S INSTRUCTION NO. <u>26</u>

2

3          The defendant is charged in Count Eight of the Second

4  Superseding Indictment with attempting to traffic a service using

5  a counterfeit mark in violation of Section 2320(a) of Title 18 of

6  the United States Code.  In order for the defendant to be found

7  guilty of attempting to traffic a counterfeit service, the

8  government must prove each of the following elements beyond a

9  reasonable doubt:

10         First, defendant attempted to traffic a service;

11         Second, the defendant did so intentionally;

12         Third, the defendant used a counterfeit mark on or in

13  connection with such service; and

14         Fourth, the defendant knew the mark was counterfeit.

15         The term "traffic" means (a) transport, transfer, or

16  otherwise dispose of, to another, in exchange for anything of

17  value, or (b) make or obtain control of with intent so to

18  transport, transfer, or dispose of.

19         A counterfeit mark is a mark that is spurious, or a mark

20  that is false or not authentic: (a) that is used in connection

21  with trafficking in a service; (b) that is identical with, or

22  substantially indistinguishable from, a mark in use and

23  registered for use with the service on the principal register in

24  the United States Patent and Trademark Office; and (c) the use of

25  which is likely to cause confusion, to cause mistake, or to

26  deceive.

27

28

COURT'S INSTRUCTION NO. <u>27</u>


Because the defendant is charged in Count Eight of the Second Superseding Indictment with attempting to traffic a service using a counterfeit mark, the government does not have to prove that the defendant completed the crime of trafficking in a service using a counterfeit mark.  Instead, to prove attempted trafficking of a service using a counterfeit mark, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of trafficking a counterfeit service using a counterfeit mark; and

Second, the defendant did something which was a substantial step toward committing the crime of trafficking a service using a counterfeit mark, with all of you agreeing as to what constituted the substantial step.

It is a crime to commit the crime of trafficking a service using a counterfeit mark.

Mere preparation is not a substantial step toward the commission of the crime of trafficking a counterfeit service using a counterfeit mark.

COURT'S INSTRUCTION NO. <u>28</u>

     In determining whether there exists a likelihood of
confusion, you may consider various factors, including the type
of trademark, the similarity of the design, the similarity of the
service, the identity of the retailers and purchasers, the
similarity of the advertising media used, the defendant's intent,
and any actual confusion.  None of these factors, however, is
essential to a finding of likely confusion.

COURT'S INSTRUCTION NO. <u>29</u>


A certificate of registration from the United States Patent and Trademark Office is prima facie evidence of the validity of the registered mark, of the ownership of the mark, and of the owner's exclusive right to use the registered mark.  That is, such a certificate is sufficient proof of the existence of a valid registered mark unless outweighed by other evidence in the case.  The Government is not required to prove that the defendant knew the mark was registered in the United States Patent and Trademark Office.

COURT'S INSTRUCTION NO. <u>30</u>

The defendant is charged in Counts Nine and Ten of the Second Superseding Indictment with attempted harassment of a witness in violation of Section 1512(d)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of attempting to harass a witness, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant intended to hinder, delay, prevent, or dissuade any person from attending or testifying in an official proceeding; and

Second, defendant intentionally did something which was a substantial step toward harassing another person, with all of you agreeing as to what constituted the substantial step.

It is a crime to harass a witness in a manner that hinders, delays, prevents or dissuades the witness from testifying in an official proceeding.

Mere preparation is not a substantial step toward the commission of the crime of harassment of a witness.

COURT'S INSTRUCTION NO. <u>31</u>

The defendant is charged in Count Eleven of the Second Superseding Indictment with failure to appear in violation of Section 3146(a)(1) of Title 18 of the United States Code.   In order for the defendant to be found guilty of failing to appear, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant was released from custody on bail having been charged in <u>United States v. Goodin</u>, No. 06-110M, and later CR 06-186(A)-CAS;

Second, defendant was required to appear in court;

Third, defendant knew that he was required to appear;

Fourth, defendant failed to appear as required; and

Fifth, defendant was willful in his failure to appear.

COURT'S INSTRUCTION NO. 32


     Willfulness requires that an act be done knowingly and
intentionally, not through ignorance, mistake, or accident.

COURT'S INSTRUCTION NO. <u>33</u>


The Second Superseding Indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Second Superseding Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

COURT'S INSTRUCTION NO. 34


When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. <u>35</u>


    Your verdict must be based solely on the evidence and on the
law as I have given it to you in these instructions.  However,
nothing that I have said or done is intended to suggest what your
verdict should be -- that is entirely for you to decide.

COURT'S INSTRUCTION NO. <u>36</u>

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

COURT'S INSTRUCTION NO. <u>37</u>

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. <u>38</u>


A verdict form has been prepared for you.  In addition to asking you to complete the form with your verdicts, there are some specific questions posed to you in the form.  Please answer those questions as well.  After you have reached unanimous agreement on a verdict for all eleven counts and answered the specific questions, your foreperson will fill in the form that has been given to you, sign, and date it, and advise the bailiff that you are ready to return to the courtroom.

COURT'S INSTRUCTION NO. <u>39</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of defendant, until after you have reached a unanimous verdict or have been discharged.