1

2

3

4

5

6

7

8       UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA

10      WESTERN DIVISION

11                                      )   Case No.  CV09-5840-CAS
                                        )             (CR06-186-CAS)
12   JEFFREY BRETT GOODIN               )
                                        )
13                                      )   ORDER  DENYING  PETITIONER'S
                        Petitioner,     )   MOTION FOR RELIEF PURSUANT TO
14                                      )   28 U.S.C. § 2255
     vs.                                )
15                                      )
                                        )
16   UNITED STATES OF AMERICA           )
                                        )
17                      Respondent.     )
                                        )
18   _____ )

19

20   **I.      INTRODUCTION**

21           This case arises out of petitioner Jeffrey Brett Goodin's conviction on June 11,

22   2007 after trial by jury.  Specifically, petitioner was convicted on three counts of wire

23   fraud pursuant to 18 U.S.C. § 1343; one count of knowing and material falsification of

24   email headers pursuant to the Controlling the Assault of Non-Solicited Pornography

25   and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701-13 and 18 U.S.C.

26   § 1037; one count of aiding and abetting the use of unauthorized access devices

27   pursuant to 18 U.S.C. §§ 1029(a)(2); one count of possession of unauthorized access

28   devices pursuant to 18 U.S.C. §§ 1029(a)(3); one count of aggravated identity theft

     pursuant to 18 U.S.C. § 1028A(a)(1); one count of use of a counterfeit mark pursuant to

18 U.S.C. § 2320(a); two counts of witness harassment pursuant to 18 U.S.C. § 1512(d)(1); and one count of failure to appear pursuant to 18 U.S.C. §§ 3146(a), (b)(1)(A)(iii).  Mot. at 2.  By the instant motion, petitioner challenges his conviction for knowing and material falsification of email under the CAN-SPAM Act.  The jury found that petitioner devised and executed an internet "phishing" scheme, wherein he obtained personal information from an Internet Service Provider (ISP") and America Online ("AOL") users by sending them unsolicited e-mails that falsely purported to be from the AOL billing department and prompting them to input their personal and financial information.  Opp'n at 2; See Dkt No. 98 (Trial Minutes 1/12/07).  To carry out this scheme, petitioner sent emails to AOL users with falsified header information by using fraudulently created e-mail accounts with ISP Earthlink.  Id.

On June 11, 2007, petitioner was sentenced to seventy months in prison and was ordered to pay restitution in the amount of $1,002,885.58, which included the sum of $996,680 payable to Earthlink.  Opp'n at 13-15.  On June 13, 2007, petitioner timely filed a notice of his appeal of his conviction and sentence on the charge of violating the CAN-SPAM Act.  On appeal, petitioner argued that his conviction on this count must be vacated because the evidence was insufficient to prove that the e-mail was "commercial," which was an element of the offense, and that the jury instruction defining "commercial e-mail" erroneously included messages "related to" a commercial product or service.  Id. at 15.  He further argued that the $996,680 loss reported by Earthlink should not have been used in calculating petitioner's sentencing guideline range because Earthlink's calculation bore no relation to petitioner's conduct.  Id. Petitioner also argued that because there was no evidentiary support for the loss claimed by Earthlink, the restitution order should be vacated.  Id.  On December 17, 2008, the Court of Appeals for the Ninth Circuit affirmed defendant's convictions, his sentence,

and the restitution order.[1]  Id. at 16.  On January 30, 2009, petitioner filed a petition for rehearing and for rehearing en banc.[2]  Id.  On February 26, 2009, the Ninth Circuit denied petitioner's petition for rehearing and for rehearing en banc.  Id.

On August 11, 2009, petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, in which he alleged that he received ineffective assistance of counsel at trial and sentencing.  The government filed its answer on February 25, 2010.  A reply was filed on March 22, 2010.

## II.    LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment

---

[1] The Ninth Circuit agreed with petitioner's argument that including the "related to" language in the jury instructions "impermissibly expanded the scope of the statute, but that the petitioner had not shown plain error."  United States v. Goodin, No. 07-50276, 2008 U.S. App. LEXIS 27342, at *2 (9th Cir. Dec. 17, 2008)).  Additionally, the court stated that the loss and restitution calculations submitted by Earthlink were "seriously flawed," but that petitioner failed to challenge the causation issue at trial.  Id. at 3.  Thus, the court found no plain error requiring reversal.  Id.

[2] In the petition for rehearing, petitioner argued that plain error review was not appropriate because petitioner "raised the causation argument in his sentencing position paper."  Opp'n at 16 (citing Appellant's Opening Brief at 171).  Petitioner further argued that he was unable to challenge Earthlink's methodology for its loss calculation because it was not included in the pre-sentence report and was not apparent until the government submitted its sentencing paper which was after petitioner filed his.  Lastly, petitioner contended that the government did not argue that the loss and restitution calculations should be reviewed for plain error on appeal.  Id. at 16-17.

right to counsel, and thus, if established, is grounds for relief under § 2255.  To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs.  Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment.  Id.  The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair.  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).  A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different.  Strickland at 694.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.  Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second.  The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."  Id. at 670.  Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing.  Hill v. Lockhart, 474 U.S. 52, 60 (1985).

## III.   DISCUSSION

Petitioner asserts that he was provided ineffective assistance of counsel at his original trial and at sentencing.  Mot. at 5.  Petitioner argues that his counsel provided ineffective assistance of counsel by (1) failing to object at trial to a jury instruction defining "commercial e-mail" as used in the CAN-SPAM Act; (2) failing to object at sentencing on causation grounds to the inclusion of the cost of Earthlink's servers in the loss amount; and (3) failing to object at sentencing on causation grounds to the inclusion of the cost of Earthlink's servers in the restitution amount.  Petitioner argues that but for his counsel's failure to make these objections, he would not have been convicted of violating the CAN-SPAM Act and his sentence and restitution would have been "much lower."  Id.

### A.   Failure to Object at Trial to Jury Instruction Defining "Commercial E-mail" as used in the CAN-SPAM Act

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to object at trial to a jury instruction that defined the term "commercial e-mail" as that term is used in the CAN-SPAM Act.  Mot. at 5.  Petitioner alleges that the jury instructions improperly expanded the scope of the act by allowing conviction if the e-mail was merely "related to" a product or service.  Id.  Petitioner notes that on appeal, the Ninth Circuit agreed that the instruction was improper, but did not grant relief because counsel stipulated to the instruction, failed to object on that basis, and did not argue that the e-mail was outside the scope of the statute.  Id.

The government responds that while the Ninth Circuit agreed that the "related to" phrase of the jury instruction impermissibly expanded the scope of the statute, the court found that the evidence at trial "was sufficient for the jury to conclude that the e-mail was a 'commercial electronic mail message' as that term is [used in the CAN-SPAM Act]."  Opp'n at 19 (quoting United States v. Goodin, No. 07-50276, 2008 U.S. App. LEXIS 27342, at *3 (9th Cir. Dec. 17, 2008)).  Thus, the government argues that the failure by defendant's counsel to object did not fall below the standard of professional

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

conduct or prejudice the defendant.  Id. at 20.  Petitioner does not address these issues in his reply.  See Reply.

The Court concludes that petitioner has failed to show that he suffered any prejudice.  Specifically, petitioner has not shown that but for the inclusion of the "related to" phrase in the jury instructions, he would not have been convicted of violating the CAN-SPAM Act.  Therefore, the Court concludes that petitioner's attorney did not provide ineffective assistance of counsel that would give rise to habeas relief under § 2255 for failing to object to the jury instruction defining "commercial e-mail" as used in the CAN-SPAM Act.

**B.**   **Failure to Object at Sentencing on Causation Grounds to the Inclusion of Earthlink's Servers in the Loss Amount**

Petitioner asserts that his trial counsel rendered ineffective assistance during sentencing by failing to object to the loss calculation on the specific grounds of a lack of causal connection.  Mot. at 5.  Petitioner argues that the loss calculation for sentencing was based on submissions by Earthlink, which appeared "seriously flawed" to the Ninth Circuit due to a lack of a causal connection between the cost of the servers and petitioner's conduct.  Id. (quoting Goodin, No. 07-50276, 2008 U.S. App. LEXIS 27342, at *3).  Petitioner notes that the court did not remedy the error because petitioner's counsel failed to challenge the causation issue or "otherwise let the district court know there was a real dispute to resolve."  Mot. at 5 (quoting Goodin, No. 07-50276, 2008 U.S. App. LEXIS 27342, at *3).  Petitioner argues that had petitioner's counsel properly objected, he would have received a much lower sentence.  Mot. at 5.

The government disputes petitioner's claims that his counsel failed to properly challenge the causation issue.  Opp'n at 20-21.  The government argues that petitioner's counsel argued vigorously against the Earthlink loss calculation at sentencing.  Id.  It argues that petitioner's counsel specifically challenged Earthlink's reported loss on a

number of grounds.[3]  Opp'n at 21.  Finally, the government contends that petitioner's counsel stressed that Earthlink's presumed loss was unrelated to defendant's criminal culpability and that this Court acknowledged that petitioner's counsel's arguments concerning the loss calculations were "significant."  Id.; Rep. Tr. at 136.

Furthermore, even if petitioner's counsel's performance was deficient, petitioner must still show resulting prejudice in order to state a claim for habeas relief under § 2255.  Strickland, 466 U.S. at 697.  Petitioner asserts that but for his counsel's deficient performance, he could have received a "much lower sentence."  Mot. at 5.  The government, however, argues that petitioner already received a sentence well below the guideline range.  Opp'n at 14, 23.  Although petitioner's guideline range was seventy to eighty-seven months, to be followed by a mandatory twenty-four month statutory term of imprisonment for the count of aggravated identity theft, the Court sentenced him to only forty-six months to be followed by the mandatory twenty-four month term of imprisonment, for a total of seventy months.  Id.; Rep. Tr. at 141.  The government argues that the record makes it clear that it was petitioner's conduct towards the witness and failing to appear that made this Court believe a seventy month sentence was necessary.  Opp'n at 23; Rep. Tr. at 141.  Accordingly, the government argues that petitioner has failed to meet the Strickland requirement of demonstrating a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different.  Id.  Petitioner does not address these issues in his reply.  See Reply.

The Court concludes that petitioner has failed to show that he suffered any prejudice sufficient for habeas relief under § 2255.  Even if the Court accepts petitioner's assertion that his counsel did not adequately challenge the causation issue

---

[3] The government contends that petitioner's counsel attacked Earthlink's calculations arguing: (1) that there was a lack of evidence with respect to the dates of the incurred costs; (2) that there was "no evidence" that Earthlink incurred additional personnel expenses in responding to petitioner's phishing scheme; and (3) that the loss figures were connected to phishing schemes other than petitioner's.  Opp'n at 21; Rep. Tr. at 133-36.

regarding the loss calculation, petitioner has failed to demonstrate a reasonable probability that the result would have been any different.  Petitioner received a sentence well below the guideline range, and petitioner's speculation that he might have received an even lower sentence is insufficient to meet his burden.

C.    **Failure to Object at Sentencing on Causation Grounds to the Inclusion of Earthlink's Servers in the Restitution Amount**

Petitioner asserts that his trial counsel rendered ineffective assistance during sentencing by failing to object to the restitution calculation on the specific grounds of a lack of causal connection.  Mot. at 5.  Based on the same allegedly flawed submission of Earthlink's purported losses discussed above, petitioner alleges that his restitutionary obligation would have been lower had his counsel properly objected to that amount.  Id. The government disputes petitioner's challenge to the restitution amount.  It argues that petitioner's claim is not cognizable in a 28 U.S.C. § 2255 motion.  The Ninth Circuit has held that challenges to restitution may not be collaterally attacked under § 2255 because they do not result in a defendant's "release."  See United States v. Thiele, 314 F.3d 399, 401-02 (9th Cir. 2002) (holding that a restitution order may not be attacked in a § 2255 motion, even when brought as an ineffective assistance of counsel claim and coupled with other cognizable claims).  Accordingly, the Court concludes that petitioner does not have a cognizable claim for relief under § 2255 in his challenge of the restitution amount.[4]

IV.   **CONCLUSION**

In accordance with the foregoing, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED.

---

[4] Petitioner brought his restitutionary challenge as a habeas petition pursuant to § 2255, instead of pursuant to 28 U.S.C. § 2241.  Even if petitioner had styled his petition pursuant to § 2241, his claim would not be cognizable because he challenges the validity of his sentence and not the manner, location, or conditions of his sentence's execution.  See 28 U.S.C. §§ 2241, 2255.

1
2          IT IS SO ORDERED.
3       Dated:  July 19, 2010
                                              _____
                                              CHRISTINA A. SNYDER
4                                             UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28